**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **COMPANHIA BRASILEIRA CARBURETO DE CALCIO – CBCC** *et al.*, <br><br>                              **Plaintiffs,** <br><br>                                                   *v.* <br><br> **APPLIED INDUSTRIAL MATERIALS CORP.** *et al.*, <br><br>                              **Defendants.** | **Civil Action No. 01-00646 (RMC)** <br> **Civil Action No. 01-02678 (RMC)** |

**DEFENDANT CC METALS & ALLOYS, LLC'S ("CCMA") BENCH MEMORANDUM REGARDING LAW OF THE CASE IN JURISDICTIONAL DETERMINATIONS**

   First, Plaintiffs' assertion that the Court has personal jurisdiction over SKW and Elkem Metals because they "induced" their unions to join in the ITC petition and because they paid the unions' legal fees, see Compl. ¶ 20, does not suffice to show any contact with the District of Columbia that would confer personal jurisdiction over SKW or Elkem Metals; there is no evidence that the alleged "inducing" or payment of fees occurred in the District.[1]

*Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.,* 698 F. Supp. 2d 109, 119 (D.D.C. 2010).

   This ruling by this Court in this case was not disturbed on appeal. Thus, it represents the "law of the case" and is binding in the present proceedings on remand: "Under the law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987).

---

[1]   SKW is the former corporate name of defendant CC Metals & Alloys, LLC, commonly referred to as "CCMA" in this case.

Accordingly, the question whether there is personal jurisdiction over CCMA has been settled by this Court's March 26, 2010 Order and the subsequent decisions of the D.C. Circuit and the D.C. Court of Appeals. The law of the case requires the Court to dismiss CCMA for lack of personal jurisdiction as this Court has already determined that any alleged conspiracy between CCMA and its union is insufficient for personal jurisdiction, and that legal ruling was not disturbed on appeal. Moreover, CCMA was not a "petitioner" before the ITC. Thus, the recently recognized "fraud exception" — applicable only to an alleged petitioner — does not apply to CCMA. By virtue of these rulings and based on the present state of the record, CCMA should be dismissed as a defendant in this case.

## I. THE COURT HAS RULED THAT ANY ALLEGED CONSPIRACY BETWEEN CCMA AND ITS UNION CANNOT SATISFY THE D.C. LONG-ARM STATUTE.

Plaintiffs previously asserted that the alleged collusion with respect to the ITC petition between CCMA and its union gave rise to conspiracy jurisdiction in the District of Columbia even though CCMA was not a petitioner before the ITC. This Court, in its March 26, 2010 decision, flatly rejected the conspiracy jurisdiction arguments, as quoted above. That ruling was not disturbed on appeal.

Thus, on remand, the parties and Court are bound by the previous ruling regarding conspiracy jurisdiction based upon the petitions submitted by the unions:

> "Thus, [plaintiffs] failed to plead with sufficient particularity any overt acts within the District of Columbia in furtherance of the conspiracy, and personal jurisdiction over [defendants] is unavailable under a conspiracy theory."

*Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.*, 640 F.3d 369, 372 (D.C. Cir. 2011), quoting *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997).

That ruling is the law of the case, under which "the same issue presented a second time in the same case in the same court should lead to the same result." *See LaShawn A. v. Barry,* 87 F.3d 1389, 1393 (D.C. Cir. 1996):

> In *Christianson v. Colt Industries Operating Corp.*--a case involving one circuit's attempt to revisit the transfer decision of another circuit--the Supreme Court specifically rejected any 'jurisdictional question' exception to the law-of-the-case doctrine. The Court said 'there is no reason to apply law-of-the-case principles less rigorously to transfer decisions that implicate the transferee's jurisdiction. Perpetual litigation of any issue--jurisdictional or nonjurisdictional--delays, and therefore threatens to deny, justice.'

*LaShawn A.,* 87 F.3d at 1394 (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816, n.5 (1988)); *see also Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F.3d 588, 597 (D.C. Cir. 2001) (law of the case doctrine "applies to jurisdictional issues, whether those issues were decided 'explicitly or by necessary implication'") (citation omitted). The Court's rejection of the alleged conspiracy between CCMA and its union as grounds for personal jurisdiction in the District of Columbia is thus now binding on the future proceedings in this case. *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d at 250.[2]

## II. THE FRAUD EXCEPTION TO THE GOVERNMENT CONTACTS DOCTRINE APPLIES ONLY TO A "PETITIONER." CCMA WAS NOT A PETITIONER.

Plaintiffs appealed a number of the rulings in the Court's March 26, 2010 Order that rejected Plaintiffs' arguments that there was a potential basis for personal jurisdiction in this

---

[2]   The "law of the case" doctrine states that when a court decides upon a rule of law, that decision should continue to apply to the same issues in later stages of the same case. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, (1988). The doctrine "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Id.* at 816 (quoting Moore's Federal Practice ¶ 0.404[1] (1984) at 118); *see also Menominee Indian Tribe of Wisconsin v. U.S.*, --- F. Supp. 2d ----, 2012 WL 192815, at *11 (D.D.C. January 24, 2012)(Collyer, J.). The law of the case doctrine teaches that "once the court has decided a point in a case, that point becomes and remains settled unless or until it is reversed or modified by a higher court." *Kritsidimas v. Sheskin*, 411 A.2d 370, 371 (D.C. 1980). The doctrine also "precludes reopening questions resolved by an earlier appeal in the same case." *Lynn v. Lynn*, 617 A.2d 963, 969 (D.C. 1992) (citations omitted).

case. All of those issues, save one, were resolved on appeal against the Plaintiffs. The surviving issue that went from the D.C. Circuit to the D.C. Court of Appeals was limited to asking whether "a petition to a federal government agency in the District" provides a basis for jurisdiction "over the ***petitioner***" when there are allegations of fraud. The answer from the D.C. Court of Appeals was limited to answering that question in the affirmative. Thus, the appellate decision and the remand is limited to considering whether there is a basis for jurisdiction over a "***petitioner***" who uses such a petition as an instrument of fraud.

Notably, <u>the Complaint concedes that CCMA was not a petitioner</u>.[3] Plaintiffs brought their suit in this Court (notwithstanding the lack of any meaningful contacts between CCMA and the District of Columbia) on the theory that the ITC petition requesting the imposition of countervailing duties against Brazilian ferrosilicon imports was a fraud directed at a federal agency located in the District--and that such a fraud should be exempt from the "government contacts" doctrine that normally excludes government petitions from serving as a predicate for long-arm jurisdiction over non-resident defendants:

> We are not tasked with determining whether the plaintiffs in this case have met our pleading requirements with respect to any particular defendant. We address only the legal question certified to us—whether, under District of Columbia law, a petition submitted by a nonresident to a federal government agency in the District provides a basis for establishing personal jurisdiction over the petitioner when the plaintiff has alleged that the petition fraudulently induced unwarranted government action against the plaintiff. For the reasons, and with the limitations, described above, we hold that it does.

---

[3] The Complaint alleges:

> [D]efendants AIMCOR and Globe, together with three unions representing employees of CCMA and Elkem, filed an antidumping petition . . . . ***<u>Although SKW and Elkem did not join in the petition</u>***, they participated in the decision to file, helped defray the costs, including legal representation fees, and induced, or consented to, their unions joining the petition.

[Complaint ¶ 19, 20] (emphasis added).

*Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.*, 35 A.3d 1127, 1135 (2012).

They key to understanding the Court of Appeals' answer to the certified question is that there must not only be a fraudulent petition to a federal government entity in the District of Columbia — the D.C. Court of Appeals held that *only petitioners* were potentially subject to personal jurisdiction under the long-arm statute.  CCMA was not a petitioner to the ITC; perforce, it cannot be subject to personal jurisdiction under the fraud exception to the government contacts doctrine and must be dismissed from the case.

## **CONCLUSION**

The law of the case requires that the Court dismiss CCMA from the case and any further proceedings for lack of personal jurisdiction. The law of the case doctrine precludes the plaintiffs from relying or attempting to use any theories of conspiracy jurisdiction as those theories were previously rejected by this Court and those rulings were not disturbed on appeal. As to the fraud exception now recognized under District of Columbia law, that exception was expressly limited to one who petitions the federal government, and CCMA did not so petition. Accordingly, there is no basis on which CCMA is subject to personal jurisdiction in the District of Columbia in this case.[4]

Dated: April 11, 2012

Respectfully submitted,

ARENT FOX LLP

 /s/ James H. Hulme
James H. Hulme (#323014)
Matthew M. Wright (#474731)
1050 Connecticut Ave, N.W.
Washington, DC 20036-5339
(202) 857-6000/Telephone
(202) 857-6395/Facsimile

*Counsel for Defendant CC Metals & Alloys, LLC*

---

[4] CCMA's motion to dismiss raised other grounds for dismissal of this case that also would be dispositive of all claims filed against CCMA. The court did not decide those issues because of its jurisdictional ruling. Again, the Court need not reach those issues because of the lack of a basis for personal jurisdiction over CCMA. By filing this memorandum, CCMA does not waive those issues. Rather, it reiterates that those issues provide separate and independent grounds for dismissal of all claims against CCMA.

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filings (NEF) and paper copies of the document will be sent to those indicated as non-registered participants.

      /s/ James H. Hulme
James H. Hulme

Dated:  April 11, 2012