IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPANHIA BRASILEIRA CARBURETO DE CALCIO – CBCC *et al.*,<br>Plaintiffs,<br>v.<br>APPLIED INDUSTRIAL MATERIALS CORP. *et al.*,<br>Defendants. | Civil Action No. 01-00646 (RMC)<br>Civil Action No. 01-02678 (RMC) |

### REPLY MEMORANDUM IN SUPPORT OF BENCH MEMORANDUM REGARDING LAW OF THE CASE IN JURISDICTIONAL DETERMINATIONS

In response to the request of CCMA and Elkem Metals, Inc. ("Elkem") to be dismissed from this case under the law of the case doctrine, Plaintiffs assiduously ignore the law of the case doctrine and prior rulings of this Court and the appellate courts that:

- "Under the law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987).

- "Plaintiffs' assertion that the Court has personal jurisdiction over SKW and Elkem Metals because they 'induced' their unions to join in the ITC petition and because they paid the unions' legal fees, see Compl. ¶ 20, does not suffice to show any contact with the District of Columbia that would confer personal jurisdiction over SKW or Elkem Metals; there is no evidence that the alleged 'inducing' or payment of fees occurred in the District." *Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.*, 698 F. Supp. 2d 109, 119 (D.D.C. 2010).

1

- "Thus, [Plaintiffs] failed to plead with sufficient particularity any overt acts within the District of Columbia in furtherance of the conspiracy, and ***personal jurisdiction over [defendants] is unavailable under a conspiracy theory.***" *Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.*, 640 F.3d 369, 372 (D.C. Cir. 2011) (emphasis added).

- "We are not tasked with determining whether the Plaintiffs in this case have met our pleading requirements with respect to any particular defendant. We address only the legal question certified to us…." *Companhia Brasileira Carbureto de Calicio et al. v. Applied Industrial Materials Corp. et al.*, 35 A. 3d 1127, 1135 (2012).

Each of the foregoing were cited and quoted in CCMA's bench memorandum, but Plaintiffs' opposition afforded them little or no treatment. Indeed, Plaintiff's brief merely references the law of the case on the first page but thereafter ignores what is the controlling rule of law and dispositive issue raised and briefed by CCMA. CCMA's position is adopted and joined by Elkem.

The issue of conspiracy jurisdiction has been fully briefed, argued, and decided (twice) by this Court and the Circuit; those rulings are definitive and conclusive, and Plaintiffs cannot now reopen them with new allegations or theories of conspiracy. Similarly, the Court of Appeals decided the scope of the "fraud exception" to the government contacts doctrine by holding only that *petitioners* were potentially subject to personal jurisdiction under the District of Columbia's long-arm statute. CCMA and Elkem did not file ferrosilicon antidumping petitions with the ITC and are not "petitioners" within the ambit of the fraud exception. Indeed, Plaintiffs' Complaint specifically alleges that CCMA and Elkem were *not* petitioners. *See* Complaint, ¶ 20 ("Although SKW and Elkem did not join in the petition…."). No amount of overheated rhetoric or revisionist, conclusory surmise may alter the established, binding law of the case on these points. *Kritsidimas v. Sheskin*, 411 A.2d 370, 371 (D.C. 1980).

The law of the case leads to a single, inexorable conclusion — that CCMA and Elkem are subject to dismissal for lack of personal jurisdiction.

I.    **There Is No Basis for "Conspiracy Jurisdiction" in this Case.**

This Court's decision that there is no basis for "conspiracy jurisdiction" in this case was affirmed by the D.C. Circuit.  *CBCC*, 698 F. Supp. 2d at 120; *CBCC*, 640 F.3d at 371-72 ("Thus, [Plaintiffs] failed to plead with sufficient particularity any overt acts within the District of Columbia in furtherance of the conspiracy, and personal jurisdiction over [defendants] is unavailable under a conspiracy theory.")  The language of the Circuit is plain, unambiguous, and dispositive of the issue of conspiracy jurisdiction.  The language is also totally ignored by Plaintiffs — they neither cite nor discuss it even though it is central to application of the law of the case doctrine.

There is neither a factual nor legal basis on which to relitigate the issue of conspiracy jurisdiction in this matter.  Plaintiffs cannot deny that they failed to allege in their Complaint (with particularity, or otherwise) any actual conspiracy as between CCMA and its union, or Elkem and its union.[1]  Plaintiffs cannot deny that they had an opportunity to raise the issue of the unions' petition in support of their argument for conspiracy jurisdiction on appeal, but failed to do so.  Nor can Plaintiffs deny that they failed to allege in their Complaint that any union which filed a ferrosilicon antidumping petition with the ITC did so as an "agent" of CCMA or Elkem. It is too late to cure any of these failures — Plaintiffs had an opportunity to conduct

---

[1]    Plaintiffs never allege a conspiracy between the defendants and their unions in the Complaint.  The closest they come to such an allegation is to state in ¶ 20 of the Complaint that CCMA and Elkem "induced" the unions to join in the ITC petition and that the companies paid the unions' legal fees.  These allegations were addressed directly by the Court in its March 26, 2010 Order as patently inadequate to confer conspiracy jurisdiction over either defendant, which ruling was affirmed by the Circuit.

3

jurisdictional discovery and *ten years* to amend their Complaint and articulate a viable basis for personal jurisdiction against these defendants in this Court. They had every opportunity to raise one or more of these issues on appeal. Once the case was dismissed by this Court and was reviewed by the DC Circuit, Plaintiffs lost their right to assert new theories or to make new allegations that could have been made before these dispositive rulings. Under the law of the case doctrine, the parties and the Court are bound by the previous rulings of this Court and the appellate court regarding conspiracy jurisdiction based upon the petitions submitted by the unions. *LaShawn A. v. Barry,* 87 F.3d 1389, 1394 (D.C. Cir. 1996). As discussed above, Plaintiffs barely mention the law of the case doctrine and then wholly ignore its scope and application in this case in their opposition. By their silence they thereby confirm its binding application here. *Williamsburg Wax Museum v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C. Cir. 1987).

Now that their prior conspiracy arguments have been correctly rejected, Plaintiffs seek to recast the argument by asserting that the "conspiracy" involved CCMA's and Elkem Metals' "conspiring" with other "domestic producers" to make misrepresentations to the ITC (apparently to be distinguished from the alleged price-fixing conspiracy). Pl. Memo. At 3-5. This argument fails for at least four reasons. First, it is precluded by the D.C. Circuit ruling on conspiracy jurisdiction in this case. Second, it is beyond the scope of the remand, which allows only consideration of personal jurisdiction over a "petitioner." Third, it consists only of conclusory allegations — not appearing in the Complaint and which are, in any event, an insufficient basis for conspiracy jurisdiction. *See Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1031 (D.C. Cir. 1997) (to establish jurisdiction based on an alleged conspiracy, Plaintiffs

4

must plead with particularity the conspiracy as well as the overt acts within the forum taken in furtherance of the conspiracy.)  Fourth, apart from allegations that the defendants conspired with their unions or conspired as members of The Ferrosilicon Association (allegations already found insufficient by this Court and the Court of Appeals), Plaintiffs offer only conclusory allegations of a "conspiracy" based on the findings of the International Trade Commission in its August 1999 ruling. *See* Decision of U.S. International Trade Commission of August 1999 in Ferrosilicon From Brazil, China, Kazakhstan, Russia, Ukraine and Venezuela, Appendix A to Plaintiffs' Memorandum dated December 15, 2009.  But nowhere in that decision did the ITC make any finding of a conspiracy to defraud it.  The ITC's ruling makes no reference to any specific coordination among "domestic producers," either within the District or elsewhere.  The Plaintiffs offer no reference to any such conspiracy, and no evidence from any other source.  Even if Plaintiffs were to have an opportunity to relitigate the issue of conspiracy jurisdiction (which law of the case firmly forecloses here), Plaintiffs' overheated and unsupported rhetoric does nothing to alter jurisdictional determinations already made in this case.

II.  **No Personal Jurisdiction Lies Over CCMA and Elkem Under the "Fraud Exception" to the Government Contacts Doctrine Because They Were Not "Petitioners."**

The D.C. Circuit certified the following question of law to the Court of Appeals to inquire as to the existence and/or scope of a "fraud exception" to the government contacts doctrine under the D.C. long-arm statute:

> Under District of Columbia law, does *a petition* sent to a federal government agency in the District provide a basis for establishing personal jurisdiction over *the petitioner* when the plaintiff has alleged that *the petition* fraudulently induced unwarranted government action against the plaintiff?

5

*CBCC*, 630 F.3d at 110 (emphasis added). The District of Columbia Court of Appeals ordered the parties to submit any comments on the question presented, and all parties did so. *See* April 27, 2011 Order of the District of Columbia Court of Appeals, attached hereto as Exhibit 1. In their Appellants' Statement Pursuant to Court of Appeals Rule 22(a)(2), attached hereto as Exhibit 2, Plaintiffs stated that "the question as phrased was not completely dispositive of the issue presented in this litigation" because it did not encompass the concept that Plaintiffs allegedly were relying on "credible and specific allegations of fraud." *Id*. at 1.

Significantly, Plaintiffs did not object to, or seek to modify or clarify, the certified question as it was specifically limited to personal jurisdiction over a "petitioner" to a government agency, despite having an express invitation to do so. The Court then answered the narrow legal question posed and concluded that "a petition submitted by a nonresident to a federal government agency in the District provides a basis for establishing personal jurisdiction over the petitioner when the plaintiff has alleged that the petition fraudulently induced unwarranted government action against the plaintiff." *CBCC*, 35 A.3d at 1135 (emphasis added).[2]

Plaintiffs now urge the Court to follow the "implied" language of the Court of Appeals and the "context" of the certified question--and ignore the express, plain language of both. Pl. Memo at 5. It cannot be disputed that the certified question posed to, and answered by, the Court of Appeals was framed in the language of a fraudulent "petition" and sought to define the circumstances under which a nonresident "petitioner" may be subject to long-arm jurisdiction in

---

[2] Contrary to the implication of the Plaintiffs' memorandum, the appellate court specifically did not decide whether any defendant in this case is subject to personal jurisdiction under the rule announced in its decision: "We are not tasked with determining whether the Plaintiffs in this case have met our pleading requirements with respect to any particular defendant. We address only the legal question certified to us…." *CBCC*, 35 A.3d at 1135.

6

the District of Columbia.  Plaintiffs admit that CCMA and Elkem neither signed nor joined in the filing of the ferrosilicon antidumping petitions with the ITC.  *See* Complaint at ¶¶ 19-20.  Thus, under the plain terms of the binding appellate decisions in this case, neither CCMA nor Elkem is amenable to personal jurisdiction under the "fraud exception," as recently defined by the Court of Appeals because neither was a "petitioner."

It is too late for Plaintiffs now to complain about the scope of the certified question — Plaintiffs did not otherwise object to, or otherwise seek to clarify, the scope of the certified question in their Rule 22(a)(2) submission.  *See* Exhibit 2.  Indeed, Plaintiffs did submit commentary relating to the certified question to the D.C. Court of Appeals, but voiced no issue with the question itself.  If Plaintiffs believed that the certified question should have been broadened in its scope to include nonresident defendants who were not "petitioners," Plaintiffs had a specific opportunity to make such a request.  Plaintiffs, however, elected not to do so in their brief or at oral argument.[3]

In a desperate effort to salvage personal jurisdiction over these defendants, Plaintiffs' attempt now to recast their argument as a conspiracy among "domestic producers" to "defraud" the ITC; Plaintiffs recycle their previously rejected argument that CCMA (and Elkem) and "domestic producers" who "subjected [themselves] to jurisdiction when [they] overtly lied to and made material omissions to the ITC."  Pl. Memo at 3.  This last-ditch effort suffers from the

---

[3]     Rule 22(a)(2) of the Rules of the District of Columbia Court of Appeals provides in pertinent part that, "[w]ithin 30 days of the date of the certification order, counsel must file statements (joint or separate) indicating whether the certification and accompanying papers are adequate to enable the court to decide the certified question."  Other than Plaintiffs' statement noting that their claims allegedly involved "credible and specific allegations," Plaintiffs did not otherwise question the scope or phrasing of the certified question.

7

same defects discussed above, with the additional overlay that there is simply no evidence in the record (or even well-pleaded allegations in the Complaint) to support that argument.

As non-petitioners, the only possible means by which these companies could have provided such information -- and the only such means alleged in the Complaint -- was by responding, under force of law, to the ITC questionnaires.  This Court, however, specifically has held that "by responding to a questionnaire a defendant cannot be said to have purposefully availed itself of the forum."  *CBCC*, 698 F. Supp. 2d at 118 n. 13.  That correct legal determination was not disturbed on appeal and remains the dispositive law of the case.  Not only is it now binding on these proceedings, it is consistent with well-established precedent.  *See, e.g., Novak-Canzeri v. HRH Prince Turki Bin Abdul Aziz Al Saud,* 864 F.Supp. 203, 205 (D.D.C. 1994).

Even if it were not barred by the law of the case doctrine, Plaintiffs' attempt to recast the jurisdictional predicate under the fraud exception as a conspiracy among "domestic producers" to "defraud" the ITC — suffers from a variety of defects, not the least of which is the simple lack of any evidence in the record to support Plaintiffs' argument.  There is nothing in the ITC's August 1999 decision that even comes close to a finding about, let alone provides evidence establishing, all of the elements of fraud to a preponderance of the evidence, such as CCMA's and Elkem Metals' knowledge of falsity or intent to defraud.  It is far too late in this decade-old case, particularly after full jurisdictional discovery and proceedings in two appellate courts, to allow this non-existent evidentiary record to support jurisdiction over these two defendants.

**CONCLUSION**

Plaintiffs' memorandum pays scant attention to the law of the case doctrine and then ignores the prior, dispositive rulings in this case on personal jurisdiction. For the foregoing reasons, and for the reasons set forth in CCMA's initial memorandum, in which Elkem has joined, this Court's prior findings and the evidentiary record compel the conclusion that there is no basis for personal jurisdiction over CCMA and Elkem in this case. Accordingly, the claims against CCMA and Elkem should be dismissed.

Respectfully submitted,

| ARENT FOX LLP | ECKERT SEAMANS CHERIN & MELLOTT, LLC |
|---|---|
| *By: James H. Hulme* | *By: Edward J. Longosz, II* |
| James H. Hulme (#323014) | Edward J. Longosz, II (# 368932) |
| Matthew M. Wright (#474731) | 1717 Pennsylvania Avenue, NW |
| 1050 Connecticut Ave., N.W. | Suite 1200 |
| Washington, DC 20036-5339 | Washington, D.C. 20006-4604 |
| (202) 857-6144 | (202) 659-6619 |
| hulme.james@arentfox.com | elongosz@eckertseamans.com |
| *Counsel for Defendant CC Metals & Alloys, LLC* | OF COUNSEL: |
| | Dale Hershey, Pa. I.D. No. 00658 |
| | (Admitted Pro Hac Vice) |
| | Michael R. Borasky, Pa. I.D. No. 21330 |
| | (Admitted Pro Hac Vice) |
| | Audrey K. Kwak, Pa. I.D. No. 200527 |
| | 600 Grant Street, 44th Floor |
| | Pittsburgh, PA 15219 |
| | (412) 566-6000 |
| | dhershey@eckertseamans.com |
| | *Counsel for Defendant Elkem Metals, Inc.* |