UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| COMPANHIA BRASILEIRA CARBURETO DE CALCIO - CBCC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 01-646 (RMC) |
| APPLIED INDUSTRIAL MATERIALS CORP., *et al.*, | ) ) ) ) | (Consolidated with Civil Action No. 01-2678 (RMC)) |
| Defendants. | ) ) | |

MEMORANDUM OPINION

The Court dismissed these consolidated cases for lack of personal jurisdiction over the many defendants. On appeal, the D.C. Circuit affirmed in part, reversed in part, and vacated the order of dismissal. CC Metals & Alloys, Inc. ("CC Metals")[1] and Elkem Metals, Inc. ("Elkem")[2] have now moved to dismiss, asserting that the Circuit opinion calls for their dismissal as parties in this case. The motion will be denied.

I.  FACTS

A.  Factual Background

These consolidated cases arise from import duties imposed on the Brazilian producers of ferrosilicon, a material used in making steel. On May 22, 1992, certain U.S. ferrosilicon producers petitioned the International Trade Commission ("ITC") to impose import

---

[1] CC Metals is the successor of SKW Metals & Alloys, Inc.

[2] Elkem is the successor of Elkem Metals Company, Inc.

tariffs on foreign ferrosilicon for alleged unfair "dumping" of those products at low prices in the United States. The ITC was persuaded, and the Department of Commerce imposed duties on foreign ferrosilicon in 1993 and 1994, causing Plaintiffs, Brazilian ferrosilicon producers,[3] to withdraw from the U.S. market.

During the same time period, beginning in 1993, the Department of Justice investigated the domestic silicon products industry for illegal price fixing. That investigation resulted in a guilty plea and a conviction of two of the Defendants in this case.[4] As a result of the criminal case, in April 1998, Plaintiffs requested that the ITC review its ruling on the antidumping petition. The ITC reviewed and reversed its prior decision in August 1999.

After the ITC lifted the tariffs, Plaintiffs brought these consolidated cases alleging that the Defendants conspired to file fraudulent antidumping petitions with the ITC, causing the Department of Commerce to impose antidumping duties that harmed Plaintiffs. The Complaint alleges that Defendants violated section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1 (Count 1) and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) & (d) (Counts II and III).[5] Originally, Defendants included U.S. ferrosilicon producers, two of their

---

[3] Plaintiffs are: Companhia Brasileira Carbureto de Calcio – CBCC ("CBCC"); Companhia Perroligas Minas Gerais – Minasligas; and Cia. De Ferroligas Da Bahia – Ferbasa.

[4] On September 22, 1995, Elkem pleaded guilty to price fixing. On March 17, 1997, CC Metals and its senior vice president, Charles Zak, were convicted of conspiracy to engage in price fixing. Another Defendant here, Globe Metallurgical Inc. was named as an unindicted co-conspirator. No other Defendants in this case were charged with any illegal activity or named as unindicted co-conspirators in the price fixing conspiracy.

[5] Compl. [Dkt. 1], Count I ¶¶ 43-47, Count II ¶¶ 48-59, Count III ¶¶ 60-64. Citations to the Complaint in this Opinion are to the Complaint in Civil Action No. 01-646. The Complaint filed in Civil Action 01-2678 is identical in all material respects. Plaintiffs also originally claimed that Defendants were liable for fraud (Count IV), abuse of process (Count V), and

foreign parents, and a trade association as follows:

> (1) Applied Industrial Materials Corporation ("AIMCOR");
>
> (2) Elkem;
>
> (3) Elkem A/S (foreign parent of Elkem);
>
> (4) Globe Metallurgical, Inc.;
>
> (5) CC Metals;
>
> (6) SKW Trostberg AG (former foreign parent of SKW Metals & Alloys, Inc., predecessor to CC Metals);[6] and
>
> (7) The Ferroalloys Association, a ferrosilicon producers trade association ("TFA").

TFA and Globe Metallurgical, Inc. later became insolvent and were dismissed from this case. *See* Mem. Op. [Dkt. 97] at 7; Minute Order (Apr. 12, 2012).

### B. Procedural Background

These consolidated cases were stayed while the ITC decision lifting the import tariffs was appealed. After much litigation, the Court of International Trade and the Federal Circuit both affirmed the ITC's decision. *See Elkem Metals Co. v. United States*, No. 99-00627, 2008 WL 4097463 (C.I.T. Sept. 5, 2008) (affirming the ITC's fourth remand determination), *aff'd without op.*, No. 2009-1007, 2009 WL 1285837 (Fed. Cir. May 11, 2009).

The cases in this Court resumed. On March 26, 2010, this Court dismissed the case for lack of personal jurisdiction over the Defendants. The Court made three key findings:

---

malicious prosecution (Count VI). Plaintiffs later withdrew Counts IV, V, and VI. *See* Pls.' Opp. [Dkt. 86] at 7 n.4.

[6] Evonik Degussa GmbH is the current successor to SKW Trostberg AG.

> (1) Plaintiffs failed to allege sufficient facts regarding an alleged conspiracy between TFA and other Defendants to support a coconspiracy theory of personal jurisdiction. Plaintiffs alleged that Defendants conspired with TFA (the trade association that did business in the District before its bankruptcy) but did not allege that TFA took any overt act in furtherance of the conspiracy in the District of Columbia. Accordingly, the alleged conspiracy with TFA could not be a basis for personal jurisdiction over nonresident defendants.[7]
>
> (2) Foreign corporations SKW Trostberg AG and Elkem A/S were dismissed for lack of contacts with the forum. The foreign parents were not petitioners before the ITC; the allegation that their subsidiaries induced unions to petition the ITC and paid the union's attorney fees were insufficient to establish jurisdiction.[8]

---

[7] *See* Mem. Op. [Dkt. 97] at 12-13 (citing *United States v. Philip Morris Inc.*, 116 F. Supp. 2d 116, 122 (D.D.C. 2000) (where a court has personal jurisdiction over a coconspirator of a nonresident defendant, the coconspirator is deemed the nonresident's agent for purposes of the long arm statute); *Delgado v. Fed. Bureau of Prisons*, 727 F. Supp 24, 27 (D.D.C. 1989) (to establish personal jurisdiction over coconspirators, a plaintiff must show that both the overt act and the injury occurred in the District)).

[8] This Court held:

> Even if contacts with the ITC could be the basis of personal jurisdiction, the Court still would have to dismiss foreign corporations Trostberg and Elkem A/S because they were not at all involved in the ITC petition. Plaintiffs allege that Trostberg and Elkem A/S were involved in the ITC petition because unions representing the employees of their subsidiaries, SKW [predecessor to CC Metals] and Elkem Metals, respectively, signed the petition. First, Plaintiffs' assertion that the Court has personal jurisdiction over SKW and Elkem Metals because they "induced" their unions to join in the ITC petition and because they paid the unions' legal fees, *see* Compl. ¶ 20, does not suffice to show any contact with the District of Columbia that would confer personal jurisdiction over SKW or Elkem Metals; there is no evidence that the alleged "inducing" or payment of fees occurred in the District. Further, personal jurisdiction over a parent corporation may be exercised based on the activities of its subsidiary only if the subsidiary is the agent or alter ego of the parent; mere stock ownership is insufficient.

Mem. Op. at 11-12. While the Circuit did not specifically address the dismissal of the foreign parent corporations, nothing in the Circuit's ruling leads to the conclusion that the foreign parent

> (3) The government contacts doctrine barred Plaintiffs from relying on Defendants' participation in the ITC proceedings as a basis for personal jurisdiction.[9]

Plaintiffs appealed. The D.C. Circuit affirmed in part and reversed in part.

The Circuit affirmed with regard to this Court's rejection of the coconspirator theory of jurisdiction based on the alleged conspiracy with TFA, due to Plaintiffs' failure to plead with particularity the conspiracy as well as the overt acts by TFA within the forum. *Companhia Brasileira Carbureto de Calcio v. Applied Industrial Materials Corp.*, 640 F.3d 369, 372 (D.C. Cir. 2011). The Circuit held:

> With respect to overt acts in the forum, plaintiffs' complaint claims that defendants coordinated their efforts to deceive the ITC "through a series of meetings, telephone calls and mailings" that were "under the aegis of the" [local trade] association. Those claims do not allege any overt act within the District (other than contacts with the ITC . . .), much less do they allege an overt act with particularity.

*Id*.

The Circuit reversed with regard to this Court's ruling on the government contacts doctrine. The Circuit certified the following question to the D.C. Court of Appeals:

> Under District of Columbia law, does a petition sent to a federal government agency in the District provide a basis for establishing personal jurisdiction over the petitioner when the plaintiff has alleged that the petition fraudulently induced unwarranted

---

corporations remain in the case. This Court confirmed their dismissal in a ruling on the record on April 12, 2012. *See* Minute Order Apr. 12, 2012.

[9] Mem. Op. at 11 (citing *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983) (such contacts may not be considered to establish personal jurisdiction, as to do so would impair the right to petition the government for redress of grievances).

government action against the plaintiff?

*Id.* at 373.  The D.C. Court of Appeals answered in the affirmative.  *Companhia Brasileira Carbureto de Calcio v. Applied Industrial Materials Corp.*, No. 11-SP-500, slip op. (D.C. App. Jan. 26, 2012).  The D.C. Court of Appeals noted:

> Cases in which this fraud exception applies should be rare indeed. Individuals who petition the government for redress or favor should not be forced to defend civil actions in the District of Columbia because of unfounded allegations of fraud.  This concern may be addressed in part by strict adherence to standards of pleading.

*Id.*, slip op. at *11.  Because the petition to the ITC was allegedly fraudulent, the petitioners were not shielded from the exercise of personal jurisdiction by the government contacts doctrine.  The petitioners before the ITC were AIMCOR, Globe, and three unions representing Elkem and CC Metals employees.  Compl. [Dkt. 1] ¶ 20.

The Circuit vacated the order of dismissal and, after issuance of the mandate, this Court regained jurisdiction.  Elkem and CC Metals now move to dismiss for lack of personal jurisdiction, pointing out that they were not petitioners before the ITC.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint, or any portion thereof, for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1). When reviewing a motion to dismiss for lack of jurisdiction, a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).  Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by

facts alleged in the complaint, nor must the [c]ourt accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).

To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both an Article III and a statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

### III.  ANALYSIS

Elkem and CC Metals argue that this Court cannot exercise personal jurisdiction over them because they had no contacts with this forum. They were not petitioners before the ITC and, thus, the fraudulent ITC petition cannot be used as a basis for exercising such jurisdiction. Further, the Circuit affirmed the finding that the allegation of "inducement" of the unions to file the ITC petition and payment of the unions' attorney fees did not demonstrate contact with the District of Columbia that could be the basis of personal jurisdiction.

Even accepting as true the fact that Elkem and CC Metals were not ITC petitioners (either directly or by inducement of the unions), Plaintiffs argue that this Court should exercise personal jurisdiction over Elkem and CC Metals because they provided false responses to ITC questionnaires. *See* Compl. ¶ 55i (Charles Zak, vice president of CC Metals, faxed an allegedly false questionnaire to ITC); *id.* ¶ 55m (A.B. Barton, a business analyst at Elkem Metals,

submitted an allegedly false questionnaire to ITC).  This argument fails.  To establish personal jurisdiction, a plaintiff must allege facts evidencing purposeful activity in the district, by which the defendant invoked the benefits and protections of the district's laws.  *See Novak-Canzeri v. HRH Prince Turki Bin Abdul Aziz Al Saud*, 864 F. Supp. 203, 205 (D.D.C. 1994).  ITC questionnaires have the force of a subpoena.  *See* 19 C.F.R. § 207.8.  By responding to an ITC questionnaire, a defendant cannot be said to have purposefully availed itself of the forum.  Thus, the Court cannot exercise personal jurisdiction over Elkem or CC Metal solely based on their submission of allegedly fraudulent ITC questionnaires.

Even so, the Court can exercise personal jurisdiction over Elkem and CC Metals.  The Complaint alleges that they conspired with the petitioners before the ITC to violate the antitrust and RICO laws and that the ITC petitioners had the requisite personal contact with the District of Columbia, *i.e.*, the filing of the ITC petition.  Thus, coconspirator jurisdiction applies.

To establish personal jurisdiction under a coconspiracy theory, a plaintiff must allege with particularity the existence of the conspiracy, the defendant's participation in the conspiracy, and an overt act by a coconspirator within the forum.  *FC Inv. Grp. v. IFX Markets, Ltd.*, 529 F.3d 1087, 1096 (D.C. Cir. 2008).  The Complaint alleges that the Defendants conspired to file a fraudulent antidumping petition with the ITC.  Compl. ¶¶ 16-18.  Elkem and CC Metals allegedly participated in the conspiracy by: agreeing to it and coordinating with the ITC petitioners, *id*. ¶¶ 16, 18, 22; by providing false information to the ITC via questionnaires, *id*. ¶ 17, 22-23, 55i, 55m; by inducing their unions to join the ITC petition, *id*. ¶ 20; and by paying the unions' attorney fees.  *Id*.  Further, the complaint alleges that coconspirators AIMCOR and others filed the allegedly fraudulent antidumping petition with the ITC.  *Id*. ¶¶ 19-

20. This was an alleged overt act taken within the District of Columbia, thus rendering the ITC petitioners amenable to personal jurisdiction here. Because alleged coconspirators took an overt act in the forum, personal jurisdiction extends to Elkem and CC Metals, even though they are not alleged to have taken any action within the forum. Since the Complaint alleges with sufficient particularity the existence of the conspiracy, Elkem and CC Metals' participation in the conspiracy, and an overt act in the forum by coconspirators, this Court can exercise personal jurisdiction over Elkem and CC Metals.

Elkem and CC Metals contend that the Circuit affirmed this Court's rejection of conspiracy jurisdiction. But that rejection was based on the specific allegation that Defendants conspired with and under the auspices of TFA. The Complaint contains other conspiracy allegations, described above, that Elkem and CC Metals conspired with the ITC petitioners. This theory of conspiracy jurisdiction was adequately pled.[10] Accordingly, Elkem and CC Metals' motion to dismiss for lack of personal jurisdiction will be denied.

### IV.  CONCLUSION

For the reasons stated above, the motion to dismiss filed by CC Metals & Alloys, Inc. [Dkt. 105], joined on the record on April 12, 2012 by Elkem Metals, Inc., will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date: May 7, 2012                             /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge

---

[10] The Court makes no findings here regarding whether Plaintiffs can garner sufficient evidence of the alleged conspiracy to survive a summary judgment motion or to succeed at trial.